UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN LEROY TYLER, | ) | |
| KEVIN BROMWELL and | ) | |
| DUC DUONG, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:04-CV-865 (CEJ) |
| | ) | |
| MARIANO V. FAVAZZA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is the motion of defendant Mariano V. Favazza to dismiss for failure to state a claim or, in the alternative, for more definite statement. Plaintiffs have not responded to the motion, and the time allowed for doing so has expired.

Plaintiffs are three inmates incarcerated in the Missouri Department of Corrections. They allege that defendant Mariano V. Favazza, the clerk of the Twenty-Second Judicial Circuit Court of Missouri (St. Louis City), is unconstitutionally denying them access to the Missouri state courts as they seek to reopen their individual post-conviction relief actions. The plaintiffs allege that the defendant has failed to file and process their motions and that he has lost correspondence they sent to the courts by certified mail.

**I. Procedural Background**

On July 13, 2004, plaintiffs, acting *pro se*, brought this action against the defendant pursuant to 42 U.S.C. § 1983, seeking injunctive relief and damages. They filed an amended complaint on

August 9, 2004. The summons was served on the defendant on January 7, 2005. On February 15, 2005, the defendant filed a motion to dismiss or for more definite statement that was directed to the first amended complaint. In response to defendant's first responsive pleading, plaintiffs twice sought leave to amend their complaint. They later sought to amend the proposed third amended complaint by interlineation in a motion that also requested default judgment against defendant Favazza. On May 13, 2005, defendant filed the instant motion, requesting that the Court dismiss the proposed second and third amended complaints for failure to state a claim. Plaintiffs subsequently filed a second motion to amend the third amended complaint by interlineation and for default judgment. The Court will grant plaintiffs' motion for leave to file the third amended complaint and the two motions for amendments by interlineation. The Court will address the defendant's motion as directed to the third amended complaint.

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. United

States v. Mississippi, 380 U.S. 128, 143 (1965). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. Discussion

In the third amended complaint, plaintiffs state that major procedural defects in each of their post-conviction actions led them to file post-judgment petitions. They allege that they filed the petitions pursuant to Daugherty v. State, 116 S.W.3d 616 (Mo. App. 2003)(reversing dismissal of motion to reopen Rule 29.15 proceeding), and Hammack v. State, 130 S.W.3d 721 (Mo. App. 2004) (post-conviction relief court has jurisdiction to consider motion seeking to reopen proceedings to address attorney abandonment claims). Plaintiffs adopt the facts set forth in each of their underlying cases: Tyler v. State, 11 S.W.3d 495 (Mo. App. 2003); State v. Bromwell, 631 S.W.2d 698 (Mo. App. 1982); State v. Duong, 935 S.W.2d 87 (Mo. App. 1996).

-3-

Plaintiff Tyler asserts that his court-appointed counsel abandoned him by failing to file an amended post-conviction motion. Tyler does not state when the alleged abandonment occurred. He states that on another unspecified date he sent his notice of appeal to the Civil Courts Building on North Tucker Boulevard in St. Louis. He alleges that the defendant neither acknowledged receipt of nor processed Tyler's motion to appeal as a poor person and notice of appeal. He further alleges that defendant's failure to send him an order entered in one of his state cases resulted in the dismissal of that case, In The Estate of Billie Joe Tyler vs. Kathy Chkautovich, Cause No. 9044-866, Twenty-Second Judicial Circuit Court of Missouri (St. Louis City), Division Five. Tyler fails to state how this civil claim relates to Daugherty or Hammack, upon which his post-conviction abandonment claims rely.

Plaintiff Bromwell alleges that his post-conviction counsel abandoned him at an unspecified date. He also generally alleges that defendant Favazza fails to properly file, fails to track, and "maliciously" fails to bring *pro se* actions to the attention of the court. He further alleges that defendant has lost a pleading in an unspecified matter that plaintiff Bromwell sent by certified mail.

Plaintiff Duong alleges that his post-conviction counsel had a conflict of interest, and that he has valid claims under Daugherty. He further asserts that he mailed a *pro se* notice of appeal to the Municipal Courts Building on Market Street in St. Louis, but the defendant refused to accept it and returned it. He

-4-

also asserts that he mailed the notice to the Civil Courts Building in St. Louis ten months prior to the filing of the complaint in the instant action. He alleges that the defendant has neither processed the notice of appeal nor presented it to a judge. Plaintiff Duong alleges that defendant has "intentionally delayed and obstructed" the appeal. Each of the plaintiffs allege that defendant has denied them "meaningful access to the courts," and has denied them federal and state due process and equal protection of the law. They allege that they have written the defendant letters inquiring about the status of their cases, but they have received no response.

The defendant argues that plaintiffs' third amended complaint fails to state a claim for which relief may be granted. He contends that he is not responsible for acting on individual cases or post-conviction motions. Defendant asserts that his responsibility as circuit clerk is to transmit correspondence concerning pending or identifiable cases to the correct court or judge for action.

The clerk of court has various duties that are outlined in court rules, statutes, and case law. Missouri Supreme Court Rule 29.15(c) outlines the clerk's duties in post-conviction relief cases. After a motion for post-conviction relief has been filed, the clerk's duties are: (1) to deliver a copy of the motion to the prosecutor; (2) notify the sentencing judge and the court reporter; and, (3) where applicable, send a copy of the motion to appointed

counsel. Missouri Supreme Court Rule 46.01 provides, "All motions and applications in the clerk's office for issuing mesne process, for issuing final process to enforce and execute judgments, and for other proceedings which do not require allowance or order of the court are grantable as of course by the clerk; but this action may be suspended or altered or rescinded by the court upon cause shown." The circuit court clerk also has the duty to:

> keep records of the courts . . . so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including pleadings, motions and related documents, transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters, the taxing and collection of court costs, and the setting of trial calendars or dockets of pending cases.

Mo. Stat. § 183.082.1.

When a party files a notice of appeal, the trial court clerk must send by registered mail the notice of appeal to all parties to the judgment and to the clerk of the appellate court. The trial court clerk is also required to note in a memorandum filed in the cause the parties to whom he mailed copies and the dates of the mailings. Mo. Stat. § 512.070. The Missouri Supreme Court gives some additional guidance on the clerk's duties:

> The clerk of a circuit court is an administrative officer, whose functions are largely ministerial in character. Where the law specifically enjoins upon him the performance of certain actions which he negligently performs, he is liable on his bond to the person injured by his negligence. But negligence on the part of an officer consists only in a failure to use that degree of care which an ordinary reasonable and prudent man would exercise under the same or similar circumstances and conditions. A reasonable effort to perform the duties pertaining to such office is all the law

> requires. . . . Due diligence on the part of the clerk, of course, requires that he perform by law with reasonable celerity and within a reasonable time.

State ex. Rel. and to Use of City of St. Louis v. Priest, 152 S.W.2d 109, 112 (Mo. 1941).

A clerk of court is generally immune from suit insofar as plaintiffs sue him in his official capacity. California v. Deep Sea Research, Inc., 523 U.S. 491, 502 (1998) (citations omitted) ("[A] state official is immune from suit in federal court for actions taken in an official capacity."). He is also immune insofar as plaintiffs seek monetary damages against him in his individual capacity for his official actions. Ayers v. Reynolds, 60 F.3d 830, 1995 WL 386435 (8th Cir. 1995) (per curiam) ("[A]bsolute immunity shields government officials from claims for damages against them in their individual capacities on account of their official actions."). See also Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970) (stating that clerks of court are entitled to the same immunity as judges). Here, plaintiffs name defendant in both his individual and official capacities. The Court will grant defendant's motion to dismiss insofar as plaintiffs sue him in his official capacity.

"Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule." Geitz v. Overall, 62 Fed. Appx. 744, 746 (8th Cir. 2003) (per curiam). Whether the clerk is being sued in his official or individual capacity, no immunity is recognized and

liability under § 1983 is imposed where he acts in excess of his lawful authority. McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972). In McCray, a state prisoner brought suit against the clerk of court for the Baltimore City Court alleging that the clerk negligently impeded the filing of his petition for state post-conviction relief. Id. at 2. The Fourth Circuit found "no basis for sheltering the clerk from liability under section 1983 for failure to perform a required ministerial act such as properly filing papers." Id. at 4 (citation omitted). The Fourth Circuit also recognized that court clerks enjoy absolute immunity where they act in discharge of their lawful duties. Id. However, the McCray court found that if plaintiff's allegations were true, the clerk was in direct violation of his duties. The Fourth Circuit added that the clerk could assert a defense that "he was acting pursuant to his lawful authority or following an order of the court." Id. at 5. This defense "must be raised and established before the complaint can properly be dismissed or judgment entered for the defendant." Id.

In the instant case, plaintiffs claim that defendant has failed to file, or to properly file, pleadings in their cases and has "maliciously" failed to bring *pro se* actions to the attention of the courts. Defendant has not stated a defense that he was acting pursuant to his lawful authority or following a court order. Therefore, in accordance with Geitz and McCray, this Court will deny defendant's motion to dismiss as to the above stated claims

-8-

because they allege that defendant acted in violation of his duties.

The Court finds that the plaintiffs' claims of lost pleadings are based in negligence. Negligent acts by state officials do not give rise to liability under § 1983. See Zinermon v. Burch, 494 U.S. 113, 129 n.14 (1990) (citing Daniels v. Williams, 474 U.S. 327, 336 (1986)). Therefore, the Court will grant defendant's motion to dismiss as to the claims of lost pleadings.

Plaintiffs allege that defendant knowingly failed to provide Tyler with Judge David Dowd's order that Tyler show cause as to why his case, In The Estate of Billie Joe Tyler, should not be dismissed. They also assert that Judge Dowd dismissed the case on March 14, 2005. While damages may be available, equitable relief on this claim is improper. An injunction requiring defendant to act could not change the final resolution of Tyler's case. Thus, this Court will grant the motion to dismiss as to claims seeking an injunction where a final resolution has been entered in the underlying case.

The Court will dismiss plaintiffs' claims that defendant has not properly tracked *pro se* actions, failed to process notices, and failed to process appeals. Defendant has no duty to perform any of the above actions. Thus, no set of facts can be proven to make him liable under § 1983 as to these claims.

Defendant argues that plaintiffs should have to exhaust state remedies before this Court asserts jurisdiction. However,

exhaustion is required in § 1983 cases brought by prisoners when prison conditions are at issue. 42 U.S.C. § 1997e(a). Prison conditions are not at issue here, thus, there is no exhaustion requirement.

In the alternative to his motion to dismiss, defendant requests that the Court order plaintiffs to file a more definite statement of their claims. He wants to know the names of the cases to which plaintiffs refer, sending and return dates for the letters to which plaintiffs refer and dates of follow-up mail. Defendant also requests the date and number of certified mailings and the identities of the signors.

In stating a claim for relief, plaintiffs must state the grounds for the Court's jurisdiction, give a short and plain statement of the claim, and demand judgment. Fed. R. Civ. P. 8(a). A motion for a more definite statement will be granted where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The Court finds that plaintiffs' complaint is vague and ambiguous in that it does not clearly and specifically state the identifying information for each of the underlying cases for which plaintiffs bring this suit. The Court will grant defendant's motion for more definite statement.

The Court will now address plaintiffs' motion for default judgment. Default judgment will be entered where a party fails to file a required responsive pleading or otherwise defend. Fed. R.

Civ. P. 55(a). Plaintiffs request default judgment on their third amended complaint because defendant has not filed an answer. Under the Federal Rules of Civil Procedure, a party may amend its pleading once at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After either the first amendment or the serving of a responsive pleading, leave of court is required for further amendments to the pleadings. Id. Here, plaintiffs amended their complaint once. Then, defendant filed a motion to dismiss the first amended complaint. At this point, leave of Court was needed before plaintiffs could file any more amended complaints. Default is not appropriate in this case because the Court had not ruled on plaintiffs' motions for leave to file the second or third amended complaints at the time the default judgment request was made. Defendant was under no obligation to answer, or otherwise respond, unless and until the Court granted plaintiffs' motions for leave. The Court will deny plaintiffs' motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to disregard second amended complaint and proceed with third amended complaint [#28] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motions to amend by interlineation the third amended complaint [##29, 32] are **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motions for default judgment [##29, 32] is **denied.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a second amended complaint [#27] is **denied as moot**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the first amended complaint, or alternatively, for a more definite statement [#24] is **denied as moot**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the amended complaints [#30] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiffs' complaint is dismissed as to those claims which: (1) seek equitable relief where a final resolution has been entered in the underlying state case, (2) allege a failure to perform duties not assigned to the clerk of court, and (3) allege that the defendant lost their pleadings.

**IT IS FURTHER ORDERED** that defendant's alternative motion for more definite statement [#30] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs shall file a more definite statement of their claims within ten days from the date of this Order stating: (1) the names and identifying information of the cases to which plaintiffs refer; (2) sending and return dates for the letters to which plaintiffs refer; (3) dates of follow-up mail; (4) date and number of certified mailings; (4) identities of signors of the certified mailings; (5) dates of the alleged attorney abandonment in each of plaintiffs' cases.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2005.