```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


MELVIN LEROY TYLER,              )
KEVIN BROMWELL,                  )
DUC DUONG,                       )
          Plaintiffs,            )
                                 )
     vs.                         )    No. 4:04-CV-865 (CEJ)
                                 )
MARION V. FAVAZZA,               )
Clerk, Circuit Court of          )
St. Louis City,                  )
          Defendant.             )
```

## MEMORANDUM AND ORDER

Before the Court are documents received by the Court from plaintiff Tyler, on behalf of himself and plaintiff Duong.  On September 18, 2006, the Court received a packet consisting of: (1) a "Rule 65 Notice"; (2) "Petitions for Writs of Habeas Corpus Ad Testificandum"; (3) "Petition for Return of Legal Files and Documents"; (4)"Plaintiffs Tyler and Duong Response to Motion for Summary Judgment"; (5)"Affidavit of Duc Duong"; and (6) "Affidavit of Melvin Leroy Tyler".  Together these documents total approximately 85 pages.  All are handwritten and mostly illegible.  Attached to these documents were numerous exhibits bundled into two piles labeled "exhibit 1" and "exhibit 2".

On September 19, 2006, the Court received two additional documents from plaintiff Tyler, labeled: (1) "Motion to Allow Opposition to Summary Judgment to be Filed for Cause to Reopen Request for A Preliminary and Permanent Injunction"; and (2) "Motion for Leave to File a Supplement to Exhibit in Opposition to Defendants Summary Judgment Motion."  With the exception of three

pages of typed affidavits, these documents were also handwritten and not clearly legible.

Rule 2.01 of the Local Rules for the Eastern District of Missouri require all filings to be typed or legibly written. Plaintiffs appear to have access to a typewriter or computer as they filed three typed affidavits and have filed numerous other typed documents in the past. However, they chose to write their motions by hand, which is acceptable so long as the handwriting is legible. Here it was not. While the Court was able to read the titles of each document, each had a significant portion that the Court was unable to decipher. In addition, some of plaintiffs' documents do not comply with Rule 4.01(D), which states that any motion or memorandum may not exceed fifteen pages without leave of Court. Plaintiffs' response in opposition to summary judgment, for instance, consisted of 31 pages.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall return to plaintiff Tyler all documents received from him on September 18, 2006, and September 19, 2006.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **October 4, 2006**, to file a typed or legibly handwritten response to defendant's motion for summary judgment. Except for good cause shown, the response may not exceed 15 pages.

**IT IS FURTHER ORDERED** that defendant shall file a reply, if any, by **October 10, 2006.**

The above deadlines will not be modified absent extraordinary circumstances.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 20th day of September, 2006.