UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|                              |   |                        |
|------------------------------|---|------------------------|
| MELVIN LEROY TYLER,          | ) |                        |
| KEVIN BROMWELL and           | ) |                        |
| DUC DUONG,                   | ) |                        |
|                              | ) |                        |
| Plaintiffs,                  | ) |                        |
|                              | ) |                        |
| vs.                          | ) | No. 4:04-CV-865 (CEJ) |
|                              | ) |                        |
| MARION V. FAVAZZA,           | ) |                        |
| Clerk, Circuit Court of      | ) |                        |
| St. Louis City,              | ) |                        |
|                              | ) |                        |
| Defendant.                   | ) |                        |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. See Fed. R. Civ. P. 56. Plaintiff Kevin Bromwell has responded to the motion. Plaintiffs Melvin Leroy Tyler and Duc Duong have not responded, and the time allowed for doing so has expired.[1]

Plaintiffs are state prisoners incarcerated in the Missouri Department of Corrections. They bring this action under 42 U.S.C § 1983, claiming that the defendant has violated their constitutional rights to equal protection, due process and meaningful access to the courts. Defendant is the clerk of court for the Twenty-Second Judicial Circuit Court of Missouri (St. Louis

---

[1]The Court received documents on September 18, 2006 from plaintiff Tyler on behalf of himself and plaintiff Duong. Among these documents was what appeared to be their combined response to defendant's summary judgment motion. However, these documents were illegible and were returned to the plaintiffs with an instruction to file a legible response by October 4, 2006. Plaintiffs have not met this deadline.

City).  Plaintiffs seek actual and punitive damages, together with costs and injunctive relief.

## I.  Background

Plaintiffs, in their third amended complaint, allege that defendant failed to properly file and process the *pro se* pleadings they submitted in connection with their pending cases in the Twenty-Second Judicial Circuit Court.  The cases at issue here include the plaintiffs' underlying criminal cases, their post-conviction relief actions ("PCR"), and their appeals and petitions when those actions were denied.  In addition, plaintiff Tyler alleges that he was prejudiced by defendant's failure to process files and notices in The Estate of Billie Joe Tyler v. Kathy Chkautovich, a civil action involving the death of Tyler's brother.

## A. Plaintiff Tyler's Claims

Plaintiff Tyler that the defendant: (1) failed to file his motion to reduce his sentence; (2) prevented him from appealing the denial of his PCR action; and (3) failed to send him notice of a show cause order in a civil case in which Tyler was involved.

With respect to the first allegation, Tyler contends that he filed a motion for a sentence reduction which defendant failed to properly record.  Tyler alleges that he mailed the motion on January 24, 2005.  The motion was not recorded on the docket. Tyler asserts that defendant "refused to acknowledge it or answer any letters with regards to [it]".  Defendant denies that he ever

received the motion, noting that the copy produced by Tyler shows that it was mailed to the wrong address.[2]

As to his PCR case, Tyler alleges that defendant prevented him from appealing the denial of his post-conviction claims. Specifically, Tyler alleges that defendant failed to process his petition to proceed *in forma pauperis* and his notice of appeal, which Tyler claims he mailed to the court on March 10, 2005. Defendant's records show that these documents were received by defendant and forwarded to the proper judge. While the judge did not rule on the pleadings immediately, he eventually granted Tyler's motion to proceed in forma pauperis and the case is now pending at the Missouri Court of Appeals.

Plaintiff Tyler's final allegations involve filings in the civil case <u>In The Estate of Billie Joe Tyler</u>. This case arose out of what Tyler believed to be the murder of his brother by hospital personnel. This case began when Tyler mailed a motion to proceed *in forma pauperis*, along with a civil cover sheet to the Circuit Court. These documents were received by the defendant's office on March 23, 2004. On the cover sheet, Tyler designated the case as "miscellaneous equity" and "mandamus." Tyler also included a pleading titled "Petition for Writ of Habeas Corpus Ad Testificandum." Defendant's office erroneously processed the case as a petition for habeas corpus and mailed Tyler a letter stating

---

[2]The address listed, 1320 Market Street, was the court's address prior to December of 2002. At that time, the court moved to 1114 Market Street. Mail was forwarded for one year after the move.

that his petition for habeas corpus had been filed.  Because the court does not issue a summons for a writ of habeas corpus case, no summons was produced on Tyler's behalf.  The case eventually came before Circuit Court Judge David Dowd, who scheduled a status hearing and ordered Tyler to show cause why the case should not be dismissed.  Tyler never received notice of the hearing or show cause order.  After Tyler did not attend the status hearing, Judge Dowd dismissed the case for failure to prosecute.

Tyler alleges that defendant purposefully did not send the notice so that the case would subsequently get dismissed.  Tyler also argues that defendant ignored his letters and demands that a summons be issued.  Defendant states that a notice was automatically generated by the computer software in use by his office and mailed to Tyler's address.  However, because of the design of the computer software, the notice was addressed to the plaintiff, "The Estate of Billy Joe Tyler," and was mailed to Tyler at his prison address.  The prison refused to accept the mail and it was returned to defendant.  Defendant asserts that the high volume of cases mandate the use of a computer automated system, and states that the same treatment and attention was given to Tyler's case as was given in any other civil case.

## B.  Plaintiff Duong's Claims

Plaintiff Duong's allegations relate to his criminal case and his PCR case.  Like Tyler, Duong also alleges that he filed a timely motion to set aside his sentence.  According to Duong, defendant "maliciously" and erroneously filed it in Duong's post-

conviction action instead of Duong's criminal case, causing the motion to be denied.

Duong's second claim relates to his post-conviction relief motion. Duong's PCR was denied, and he is now claiming that defendant impeded his attempt to appeal that ruling by refusing to accept his notice of appeal and motion to proceed in forma pauperis. Duong asserts that defendant "has failed to process the notice or give notice or cause the pleading [to] be presented to the judge." Duong acknowledges that his first attempt to mail his motion was unsuccessful because he used the old address of the court. However, Duong states that he then immediately re-sent the notice of appeal to defendant at the proper address. The docket sheet shows that Duong's motion to perfect appeal in forma pauperis was filed on April 14, 2004. Duong argues that his motion was actually received by defendant prior to April 14, 2004, but that defendant waited to file it until then so that it would be denied as untimely.

### C. Plaintiff Bromwell's Claims

Plaintiff Bromwell alleges that "defendant has a practice and policy shown herein by committing malfeasances in pro se prisoner cases by not properly filing and tracking pro se actions, but maliciously failing to bring them to the attention of the court." Bromwell's claim relates mainly to his PCR case. Bromwell's post-conviction claims were denied. Bromwell alleges that he then mailed to the court a motion to reinstate pursuant to Daugherty v. State, 116 S.W.3d 616 (Mo. App. 2003), claiming abandonment of

counsel.   This motion has never appeared on the docket sheet.

Bromwell argues that defendant "has in fact lost and misplaced the

motion-petition filed by Bromwell."   Bromwell alleges that he

mailed the motion via certified mail, and supplies a certified mail

receipt signed by one of defendant's employees.   While the receipt

shows delivery on January 12, 2004, the docket sheet does not

reflect any activity in Bromwell's case on or around that date.

Defendant does not have any knowledge as to the whereabouts of

Bromwell's petition.   Defendant does note in his affidavit that

court records reflect that Bromwell filed another motion to

reinstate on the same grounds at a later time.   This motion appears

on the docket sheet and was denied on its merits by Circuit Court

Judge Thomas Grady on June 22, 2006.

## II.  Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides

that summary judgment shall be entered "if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a

judgment as a matter of law."   In ruling on a motion for summary

judgment the court is required to view the facts in the light most

favorable to the non-moving party and must give that party the

benefit of all reasonable inferences to be drawn from the underly-

ing facts.   Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.

1987).   The moving party bears the burden of showing both the

absence of a genuine issue of material fact and its entitlement to

judgment as a matter of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corporation v. Citrate</u>, 477 U.S. 317, 322 (1986).

**III.  Discussion**

The Court begins by noting that plaintiffs have continued to make arguments which have already been dismissed.  On August 5, 2005, the Court dismissed portions of plaintiffs' third amended complaint.  Specifically, the Court dismissed plaintiffs' claims in so far as they purported to sue defendant in his official capacity. The Court also dismissed all claims which: (1) sought equitable relief where a final resolution has been entered in the underlying case; (2) allege a failure to perform duties which are not assigned to the clerk of court; and (3) allege that defendant negligently lost their pleadings.  Thus, in determining whether summary judgment is appropriate, the Court will not consider any further claims by plaintiffs on these matters.

Because plaintiffs Tyler and Duong have failed to respond to defendant's motion, the Court is left to examine whether summary judgment is appropriate on their claims based on defendant's submissions alone. First, both Tyler and Duong claim that defendant failed to file and process their notices of appeal after their post-conviction actions were denied. In its August 5, 2005 order, the Court dismissed all claims that defendant failed to process notices or appeals. Therefore, Tyler and Duong's claims in this regard have already been dismissed and will not be given further consideration by the Court.

Tyler has two remaining claims and Duong has one. Duong's remaining claim and Tyler's first remaining claim both allege that defendant failed to properly record their respective motions to reduce or set aside their prison sentences. Tyler alleges that defendant ignored his pleading, while Duong alleges that defendant "maliciously" filed his motion in his post-conviction case rather than his criminal case.

With regard to Tyler's claim, the Court will assume for the purposes of this motion that Tyler did indeed mail his pleading in January of 2005, as he alleges in his affidavit accompanying the supplemental complaint. What is left to be determined is the address to which he mailed it. Defendant's affidavit in support of summary judgment states that Tyler's pleading was actually sent to 1320 Market Street. It is clear that defendant's address was no longer 1320 Market Street at that time and mail was no longer being forwarded. It is equally clear that defendant cannot be liable for

pleadings mailed to the wrong address.  However, Tyler alleges in his supplemental complaint that he mailed the pleading to the correct address.

This factual dispute is not material.  Even if Tyler did mail the pleading to defendant's correct address, there has been no showing made by Tyler that defendant acted maliciously in failing to file it.  At most, the facts alleged by Tyler support a finding that the pleading has been lost.  However, as this Court pointed out in its August 5, 2005 order, a claim of lost pleadings is based in negligence.  Negligent acts by state officials do not give rise to liability under § 1983.  See Zinermon v. Burch, 494 U.S. 113, 129 n.14 (1990) (citing Daniels v. Williams, 474 U.S. 327, 336 (1986)).  Tyler attempts to overcome this hurdle by making conclusory allegations of malicious intent.  However, "conclusive assertions of ultimate fact are entitled to little weight when determining whether a nonmovant has shown a genuine issue of fact sufficient to overcome a summary judgment motion supported by complying affidavits."  Miller v. Solem, 728 F.2d 1020, 1024 (8th Cir. 1984).  Tyler has presented no evidence of malice or bad faith by defendant, and his conclusory allegations "are not sufficient to create a genuine issue of fact to survive summary judgment."  Sowell v. Alumina Ceramics, Inc., 251 F.3d 678, 683-84 (8th Cir. 2001).  Summary judgment in favor of defendant on this claim is appropriate.

Likewise, Duong fails to create a genuine issue of fact on his remaining claim that defendant "maliciously" filed his motion to

vacate his sentence in the wrong case.  Duong has provided no evidence of such malicious intent.  The facts alleged by Duong support, at most, a conclusion that defendant was negligent. Duong's assertion that defendant acted maliciously is again merely a legal conclusion insufficient to survive summary judgment.  Thus, both Tyler and Duong's claims regarding their motions to reduce or vacate their sentences fail.

Tyler's final claim concerns the civil case he filed after his brother's death.  The undisputed facts are as follows:  Judge Dowd scheduled a hearing and ordered Tyler to show cause why the case should not be dismissed.  Defendant failed to send Tyler notice of this order.  Defendant explains in his affidavit that the automated computer system addressed the notice to "In the Estate of Billie Joe Tyler."  Consequently, the case was dismissed after Tyler failed to attend the hearing.  Defendant also admits that his office originally and erroneously filed the action as a habeas corpus action, causing part of the confusion.  However, defendant notes that Tyler's complaint was misleading and labeled in a manner consistent with a habeas corpus action.

Defendant asserts in his affidavit that the software used to mail notices is designed to address the notice in the party's name whenever that party is *pro se*.  Defendant notes that his office handles thousands of cases and does not have the capability to manually address every notice.  Further, defendant states, the software used in Tyler's case is the same software used in every

other case handled by his office.  No special attention one way or the other was given to the notice mailed in Tyler's case.

These facts also lead to the conclusion that defendant was, if anything, merely negligent in failing to address the notice to Tyler instead of to his brother's estate.  The fact that defendant used the same computer software for Tyler's case as is used in every other case indicates that there was no malicious intent to deprive Tyler of notice.  There is no indication that defendant acted with malice or outside of his authority.  Because Tyler has again failed to create a genuine issue of fact that defendant was anything more than negligent, summary judgment is appropriate.

All of Tyler and Duong's claims have either been previously dismissed, or are not supported by sufficient evidence to create a genuine issue of fact that defendant acted intentionally to hinder their *pro se* pleadings.  Section § 1983 actions are inappropriate for negligence claims and the facts alleged by plaintiffs Tyler and Duong fail to support anything more.  Further, Tyler and Duong have not responded to defendant's motion and supporting affidavit, and may not "rest upon the mere allegations or denials of the adverse party's pleading...[but] must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P 56(e).  They have not done so and summary judgment in favor of defendant on all of Tyler and Duong's claims is granted.

The Court examines plaintiff Bromwell's claim separately because he has responded to defendant's motion, and therefore the Court has an additional filing on which to rely.  Bromwell attaches

two affidavits and asserts that material issues of fact exist on his claim.

The facts, taken in the light most favorable to plaintiff, show that Bromwell mailed a post-conviction petition by certified mail to defendant's office. A representative of defendant's office signed for the package. The United States Postal Service verifies that the package was delivered to defendant's office. However, the pleading was not filed in Bromwell's case and defendant has no record of it. Bromwell, in his affidavit attached to his response in opposition, states that "the petition could not be found - could not be located - was lost." Bromwell continues, stating that "defendant has never shown what happened to the petition, nor can defendant deny it was received and signed for." Finally, Bromwell asserts that defendant "has a practice and policy of obstructing Pro Se Prisoner Litigation, and while doing so he is acting under color of state law."

The Court notes that plaintiff Bromwell, in paragraph 2 of his affidavit, claims that the petition was lost by defendant. This Court dismissed all claims of lost pleadings in its August 5, 2005 order. Therefore, to the extent that Bromwell continues to assert that defendant lost these pleadings, that claim will not be considered here.

Bromwell's assertion that defendant has a "practice and policy" of obstructing *pro se* prisoner litigation is a claim of more than mere negligence. However, while Bromwell includes this allegation in his statement of undisputed facts, it is again merely

a conclusory allegation. Bromwell must support such conclusions with facts sufficient to raise a genuine dispute. He has not done so. Bromwell's own affidavit admits that the pleadings were lost. This does not support, and indeed contradicts, a conclusion that defendant intentionally obstructed the filing of his pleading. Further, other than the similar conclusory allegations of Bromwell's co-plaintiffs, there is a complete absence of any evidence which supports such a finding. The Court finds that plaintiff Bromwell has failed to raise a genuine issue of fact as to defendant's purposeful or malicious actions towards his petition or any other pro se litigation.

Further, even if Bromwell had done so, his claim may now be moot. Exhibits submitted by the defendant show that Bromwell filed a motion to reinstate his Rule 29.15 post-conviction motion based on the claim that he had been abandoned by his attorney. The motion for reconsideration was denied on June 22, 2006. In the order denying the motion, the court noted that Bromwell's earlier post-conviction motion had been denied on the merits and on appeal. The Circuit Court further found that the record "conclusively refutes any claim that [he] was abandoned by post-conviction counsel."

For the reasons discussed above, the Court finds that plaintiffs have failed to present facts showing anything more than negligence by the defendant. Absent a showing of an intentional deprivation of their rights, the plaintiffs cannot maintain an

action based on 42 U.S.C. § 1983.  The Court finds that the defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#99] is **granted**.

**IT IS FURTHER ORDERED** that all pending motions in this case are **denied as moot**.

A separate judgment will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2006.